United States District Court
Southern District of Texas
**ENTERED**
July 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Michele Paige,<br><br>*Plaintiff*,<br><br>v.<br><br>Digital Business Networks Alliance, Inc., et al.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:26-cv-02687 |

**MEMORANDUM, RECOMMENDATION, AND ORDER**

This is an employment dispute. Although the case is still in its early stages, Plaintiff Michele Paige and Defendants McGinnis Lochridge, LLP, Philip Schmandt, OFS Portal, LLC, and Digital Business Networks Alliance, Inc. have engaged in extensive motion practice. The Court resolves several of the pending motions now.

First, Paige's amended complaint moots Defendants' motions to dismiss (Dkts. 46, 49, 53) her original complaint. "It is well-settled in the Fifth Circuit that an amended complaint supersedes the original complaint, and the original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint." *See Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 282 (W.D. Tex. 2014) (citing *Eason v. Holt*, 73 F.3d 600, 603

(5th Cir.1996)). Accordingly, "[t]he filing of an amended complaint generally renders pending motions moot." *Stredwick v. Dall. Margarita Soc'y, Inc.*, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) (citations omitted) (collecting cases). Because the motions to dismiss the original complaint are moot, Paige's motions to strike (Dkts. 51, 54, 59) those filings are also denied.

Moreover, Paige's arguments for striking Defendants' motions are meritless. Paige contends that Defendants' motions to dismiss should be stricken under Rule 12(g)(2) because Defendants already filed motions to dismiss in a separate action in the United States District for the Southern District of New York. *See* Dkt. 59. Indeed, the federal rules limit parties' abilities to file successive Rule 12 motions. *See* Fed. R. Civ. P. 12(g)(2) ("A party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). But that rule does not apply here because Defendants have not impermissibly filed successive motions.

Paige's case in the Southern District of Texas was dismissed without prejudice for lack of personal jurisdiction. *Paige v. Digital Bus. Networks All., Inc.*, 2026 WL 880549 (S.D.N.Y. Mar. 31, 2026). She then filed a new suit in this Court. The motions that Paige seeks to strike (Dkts. 46, 49, 53) are Defendants' first responsive pleadings in *this case*. That is permissible.

Second, on May 6, 2026, Paige filed a motion to compel Defendants to participate in a Rule 26(f) conference. *See* Dkt. 28; *see also* Dkt. 29 (memorandum of law).[1] But, as she later admitted, that request is now moot because the parties agreed to hold the Rule 26(f) conference on June 8, 2026. *See* Dkt. 50 at 4; *see also* Dkt. 42-3 at 2-5 (scheduling conference). The parties must confer and submit a joint discovery/case management plan "not less than 10 days before the conference …." Dkt. 37.

Going forward, the Court expects the parties to make a good faith attempt to resolve future scheduling disputes without Court intervention. And all parties must carefully review the undersigned's requirements for pre-motion conferences and legal briefs, which apply to this referral case. Non-compliant submissions will be stricken.

## Recommendation and Conclusion

It is therefore **RECOMMENDED** that Defendants McGinnis Lochridge, LLP's, Philip Schmandt's, OFS Portal, LLC's, and Digital Business Networks Alliance, Inc.'s motions to dismiss (Dkts. 46, 49, 53) Plaintiff Michele Paige's original complaint be **DENIED** as moot.

[1] The undersigned's procedures do not permit separate memoranda of law. "All motions must include the arguments and relief sought." Judge Ho's Procedures § 5(d)(1).

It is **ORDERED** that Paige's motions to strike (Dkts. 51, 54, 59) those same motions to dismiss be **DENIED**.

It is further **ORDERED** that Paige's motion to compel Defendants' participation in a Rule 26(f) conference be **DENIED**.

Signed on July 2, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge